## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| **In re:**<br><br>**CAH ACQUISITION COMPANY 7, LLC d/b/a PRAGUE COMMUNITY HOSPITAL,**<br><br>Debtor. | Case No. 19-01298-5-JNC<br><br>Chapter 11 |

**TRUSTEE'S MOTION FOR APPROVAL OF CONSENT ORDER AND STIPULATION BY AND BETWEEN THE TRUSTEE AND TRANSCENDENTAL UNION WITH LOVE AND SPIRITUAL ADVANCEMENT RESOLVING, IN PART, MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS**

**NOW COMES** Thomas W. Waldrep, Jr., Chapter 11 trustee (the "Trustee") for CAH Acquisition Company 7, LLC d/b/a Prague Community Hospital (the "Debtor"), by and through the undersigned counsel, and pursuant to Rule 4001(d) of the Federal Rules of Bankruptcy Procedure, and hereby moves the Court to approve and enter the attached *Consent Order and Stipulation by and between the Trustee and Transcendental Union with Love and Spiritual Advancement Resolving, in Part, Motion Seeking (I) an Order Confirming that (A) Certain Stimulus Funds Were Used in Accordance with Applicable Terms and Conditions and (B) Trustee May Transfer Any Remaining Stimulus Funds to Purchasers; and (II) an Order Eliminating Any Liability of Trustee and Debtors' Estates for Use of Stimulus Funds* (the "Consent Order") by and between the Trustee and Transcendental Union with Love and Spiritual Advancement ("TULSA"). The Consent Order is being submitted simultaneously with this Motion and is attached hereto as Exhibit 1.

1

If, after proper notification to all parties listed on the Certificate of Service, no objections to this Motion are filed, the Trustee and TULSA request the Court to enter the Consent Order. TULSA consents to this Motion being filed and the terms of the Consent Order, and its only objection/request was that this Motion be presented in an expedited fashion. In order to give parties sufficient time to review the terms of the Consent Order, the Trustee chose not to move to expedite hearing of this Motion.

Respectfully submitted this the 5th of June, 2020.

**WALDREP LLP**

*/s/Jennifer B. Lyday*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
James C. Lanik (NC State Bar No. 30454)
Jennifer B. Lyday (NC State Bar No. 39871)
Francisco T. Morales (NC State Bar No. 43079)
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440
Telefax: 336-717-1340
Email: notice@waldrepllp.com

**- and -**

**HENDREN, REDWINE & MALONE, PLLC**

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC State Bar No. 37012)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: 919-420-7867
Telefax: 919-420-0475
Email: jhendren@hendrenmalone.com
   rredwine@hendrenmalone.com

*Co-Counsel for the Trustee*

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| In re:<br><br>**CAH ACQUISITION COMPANY 7, LLC d/b/a PRAGUE COMMUNITY HOSPITAL,**<br><br>Debtor. | Case No. 19-01298-5-JNC<br><br>Chapter 11 |

**CONSENT ORDER AND STIPULATION BY AND BETWEEN THE TRUSTEE AND TRANSCENDENTAL UNION WITH LOVE AND SPIRITUAL ADVANCEMENT RESOLVING, IN PART, MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS**

This matter is before the Court on that certain MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS [ECF No. 573] (the "**CARES Act Fund Motion**") and the stipulation contained herein. Thomas W. Waldrep, Jr., the duly appointed trustee (the "**Trustee**") for the

1

bankruptcy estate of CAH Acquisition Company 7, LLC d/b/a Prague Community Hospital (the "**Prague Debtor**"), and Transcendental Union with Love and Spiritual Advancement ("**TULSA**") hereby agree and stipulate as follows:

A. The Trustee is administering the bankruptcy estate of the Prague Debtor.

B. On February 4, 2020, this Court entered the "Order (A) Approving Sale Free and Clear of All Liens, Claims, Interests, and Encumbrances, (B) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief" [ECF No. 450] (the "**Sale Order**"). Pursuant to the Sale Order, this Court authorized the Trustee to sell to TULSA and TULSA to acquire substantially all of the assets of the Prague Debtor, including assignment of certain assumed executory contracts.

C. The sale closed on May 4, 2020 (the "**Prague Closing Date**"), and since that date TULSA has been operating the 25-bed hospital known as the Prague Community Hospital (the "**Prague Hospital**") in Prague, Oklahoma.

D. The Trustee has received certain stimulus Provider Relief Fund payments through United States Department of Health and Human Services ("**DHHS**") under the Coronavirus Aid, Relief, and Economic Security Act, P.L. 116-136 [HR 748], 134 Stat. 281 (signed into law Mar. 27, 2020) (the "**CARES Act**"), which is administered by DHHS. Additionally, the Trustee has received funds in two other programs supported by DHHS and identified in the CARES Act Fund Motion, the Oklahoma Hospital Association Grant (the "**OHA Grant**") and the Small Rural Hospital Improvement Grant Program (the "**SHIP Grant**").

E. Specifically, the Trustee has received $3,290,722.63[1] cash in CARES Act fund payments, and the other grant programs identified above, on account of the Prague Hospital (the

---

[1] The Trustee received additional stimulus funds in the amount of $49,461.42 on May 20, 2020, after the CARES Act Fund Motion was filed.

2

"**Prague Fund Payments**").

F. On May 15, 2020, the Trustee filed the CARES Act Fund Motion.

G. Pursuant to the CARES Act Fund Motion, the Trustee contends that $1,763,256.48 of the Prague Fund Payments (the "**Used Funds**") represent lost "revenue due to the coronavirus between February 1, 2020 and the Prague Closing Date." Motion at ¶ 54. The Trustee further contends that he should be permitted to transfer to TULSA $1,527,466.15 of the Prague Fund Payments (the "**Unused Funds**").

H. TULSA contends that (a) the Prague Fund Payments received by the Trustee after the Prague Closing Date should be transferred to, and belong to, TULSA because of the sale; (b) $13,438.92 of the SHIP Grant balance should be transferred to TULSA; (c) $860.43 of the OHA Grant balance should be transferred to TULSA; (d) the Trustee may not be able to establish that any of the Used Funds replace lost revenues due to the coronavirus between February 1, 2020 and March 20, 2020; and (e) TULSA should not bear any liability for any Prague Fund Payments that the Trustee retains use and control over.

I. The parties hereto desire to resolve several matters relating to the CARES Act Fund Motion and establish a briefing and hearing schedule for all unresolved matters.

In light of the foregoing, the Trustee and TULSA, whose representatives have signed below, do stipulate and agree as follows, and based upon this stipulation **IT IS ORDERED, ADJUDGED, AND DECREED** that:

1. The Trustee shall transfer, within two business days of entry of this Consent Order, to TULSA all Unused Funds, which shall be deemed the property of TULSA and which transfer shall be deemed valid and not subject to later challenge by any party in interest; provided, however, that (a) only TULSA can attest under the CARES Act and applicable

regulations to the use of such transferred funds; and (b) the Trustee and the Prague Debtor's estate shall have no liability for any attestation made by TULSA or the Trustee's initial receipt of such transferred funds.

2. On _____, 2020, this Court shall conduct a non-evidentiary hearing (the "**Legal Issues Hearing**") on whether (a) that portion of the Prague Fund Payments received by the Trustee after the Prague Closing Date constitute "property of the estate" under 11 U.S.C. § 541(a); and (b) if such funds do constitute "property of the estate", the right to such funds was transferred to TULSA as part of the sale. TULSA and the Trustee shall provide to the Court agreed material facts concerning such issues.

3. On _____, 2020, the Trustee shall file with the Court and serve on counsel to TULSA a brief on the two issues identified in paragraph 2 hereof, and on _____, 2020, TULSA shall file with the Court and serve on counsel to the Trustee a reply brief on such issues.

4. In the event that this Court determines that the Trustee has prevailed on all matters in connection with the Legal Issues Hearing, this Court will schedule a further evidentiary hearing on all remaining matters concerning the relief sought by the Trustee in the CARES Act Fund Motion.

5. In the event that this Court determines that the Trustee may not retain possession of any of the Used Funds, the Trustee shall transfer to TULSA such funds within two business days of entry of a final, non-appealable order, which funds shall be treated in accordance with paragraph 1 of this Consent Order.

6. For any Used Funds that this Court determines the Trustee may retain, only the Trustee can attest to their use under the CARES Act and applicable regulations; and (b) TULSA

4

and the Prague Hospital shall have no liability for any attestation made by the Trustee or ongoing reporting requirments for such Used Funds.

7. All parties in interest with notice and opportunity to object, including DHHS, shall be bound by and shall comply with the provisions of this Consent Order.

8. Subject to the provisos in paragraphs 1, 6 and 7 hereof, nothing herein shall affect the jurisdiction or regulatory authority of DHHS in respect of the use, monitoring, and enforcement of the rights of DHHS under and in connection with the CARES Act.

SO STIPULATED AND AGREED to today, June 5, 2020.

| **TRANSCENDENTAL UNION WITH LOVE AND SPIRITUAL ADVANCEMENT** | **TRUSTEE OF CAH ACQUISITION COMPANY 7, LLC** |
|---|---|
| /s/ *William C. Smith*<br>William C. Smith<br>NC Bar No. 14199<br>Manning Fulton & Skinner, P.A.<br>3605 Glenwood Ave, Suite 500<br>Raleigh, NC 27612<br>Telephone: 919-787-8880<br>Email: smith@manningfulton.com<br>*Counsel for Transcendental Union with Love and Spiritual Advancement* | /s/ *Thomas W. Waldrep, Jr.*<br>Thomas W. Waldrep, Jr.<br>NC Bar No. 11135<br>Waldrep LLP<br>101 S. Stratford Road, Suite 210<br>Winston-Salem, NC 27104<br>Telephone: 336-717-1440<br>Email: notice@waldrepllp.com<br>*Chapter 11 Trustee of CAH Acquisition Company 7, LLC* |

AND

/s/ *Hugh M. Robert*
Hugh M. Robert
Sherwood, McCormick & Robert
Bank of America Center
15 W. 6th St, Ste 2800
Tulsa, OK 74119
Telephone: 213.443.3602
Email: ericwinston@quinnemanuel.com
*Counsel for Transcendental Union with Love and Spiritual Advancement*

**END OF DOCUMENT**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| **In re:** <br><br> **CAH ACQUISITION COMPANY 7, LLC d/b/a PRAGUE COMMUNITY HOSPITAL,** <br><br> **Debtor.** | Case No. 19-01298-5-JNC <br><br> Chapter 11 |

**NOTICE OF OPPORTUNITY FOR HEARING ON TRUSTEE'S MOTION FOR APPROVAL OF CONSENT ORDER AND STIPULATION BY AND BETWEEN THE TRUSTEE AND TRANSCENDENTAL UNION WITH LOVE AND SPIRITUAL ADVANCEMENT RESOLVING, IN PART, MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS**

NOTICE IS HEREBY GIVEN that, on June 5, 2020, the Trustee filed the **TRUSTEE'S MOTION FOR APPROVAL OF CONSENT ORDER AND STIPULATION BY AND BETWEEN THE TRUSTEE AND TRANSCENDENTAL UNION WITH LOVE AND SPIRITUAL ADVANCEMENT RESOLVING, IN PART, MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS** (the "Motion").

FURTHER NOTICE IS HEREBY GIVEN that the Motion filed by the Trustee may be allowed provided no response and request for hearing are delivered by a party-in-interest in writing to the Office of the Clerk, United States Bankruptcy Court, P.O. Box 791, Raleigh, NC **27602, by 5:00 p.m. (prevailing Eastern Time) on June 22, 2020**, and,

FURTHER NOTICE IS HEREBY GIVEN that, if a response and request for hearing is filed by a party-in-interest in writing within the time indicated, a hearing will be conducted on the Motion and any responses thereto before the United States Bankruptcy Court for the Eastern District of North Carolina, and all interested parties will be notified accordingly.

If no request for hearing is timlely filed, the Court may rule on the Motion and any Response thereto *ex parte* without further notice.

Respectfully submitted, this the 5th day of June, 2020.

**WALDREP LLP**

*/s/ Jennifer B. Lyday*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
James C. Lanik (NC State Bar No. 30454)
Jennifer B. Lyday (NC State Bar No. 39871)
Francisco T. Morales (NC State Bar No. 43079)
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440
Telefax: 336-717-1340
Email: notice@waldrepllp.com

**- and -**

**HENDREN, REDWINE & MALONE, PLLC**

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC State Bar No. 37012)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: 919-420-7867
Telefax: 919-420-0475
Email: jhendren@hendrenmalone.com
           rredwine@hendrenmalone.com

*Co-Counsel for the Trustee*

2