# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | **Case No. 19-01230-5-JNC** |
| CAH ACQUISITION COMPANY #2, LLC, d/b/a ) | |
| OSWEGO COMMUNITY HOSPITAL, ) | **Chapter 11** |
| ) | |
| Debtor. ) | |
| ) | |
| IN RE: ) | |
| ) | **Case No. 19-01180-5-JNC** |
| CAH ACQUISITION COMPANY #3, LLC, d/b/a ) | |
| HORTON COMMUNITY HOSPITAL, ) | **Chapter 11** |
| ) | |
| Debtor. ) | |
| ) | |
| IN RE: ) | |
| ) | **Case No. 19-01300-5-JNC** |
| CAH ACQUISITION COMPANY 6, LLC, d/b/a ) | |
| PRAGUE COMMUNITY HOSPITAL, ) | **Chapter 11** |
| ) | |
| Debtor. ) | |
| ) | |
| IN RE: ) | |
| ) | **Case No. 19-01298-5-JNC** |
| CAH ACQUISITION COMPANY 7, LLC, d/b/a ) | |
| PRAGUE COMMUNITY HOSPITAL, ) | **Chapter 11** |
| ) | |
| Debtor. ) | |
| IN RE: ) | |
| ) | **Case No. 19-01697-5-JNC** |
| CAH ACQUISITION COMPANY 12, LLC, d/b/a ) | |
| FAIRFAX COMMUNITY HOSPITAL, ) | **Chapter 11** |
| ) | |
| Debtor ) | |
| ) | |
| IN RE: ) | |
| ) | **Case No. 19-01227-5-JNC** |
| CAH ACQUISITION COMPANY 16, LLC, d/b/a ) | |
| HASKELL COUNTY COMMUNITY ) | **Chapter 11** |
| HOSPITAL, ) | |
| ) | **(Jointly Administered)** |
| Debtor. ) | |
| ) | |

## MOTION TO APPROVE CONSENT ORDER REGARDING PAYMENT TO SHERWOOD PARTNERS, INC., SALES AGENT FOR THE TRUSTEE

Sherwood Partners, Inc. ("Sherwood"), by and through counsel, pursuant to 11 U.S.C. § 331, hereby moves the Court to approve and enter the attached *Consent Order Regarding Payment to Sherwood Partners, Inc., Sales Agent for the Trustee* (the "Consent Order) between Sherwood and the Thomas W. Waldrep, Jr., chapter 11 trustee (the "Trustee") for the above captioned Debtors. The Consent Order is attached hereto as Exhibit A.

If after proper notice to all parties listed on the Certificate of Service, no objections are filed, Sherwood and the Trustee request the Court enter the Consent Order.

Respectfully submitted this the 12th day of June, 2020.

                                                The Law Offices of Oliver & Cheek, PLLC

                                                s/Ciara L. Rogers
                                                Ciara L. Rogers
                                                N.C. State Bar No. 42571
                                                P.O. Box 1548
                                                New Bern, NC  28563-1548
                                                Telephone: (919) 987-2024
                                                Facsimile: (252) 633-1950
                                                Email:  ciara@olivercheek.com
                                                *Attorney for Sherwood Partners, Inc.*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | **Case No. 19-01230-5-JNC** |
| **CAH ACQUISITION COMPANY #2, LLC, d/b/a** ) | |
| **OSWEGO COMMUNITY HOSPITAL,** ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| IN RE: ) | |
| ) | **Case No. 19-01180-5-JNC** |
| **CAH ACQUISITION COMPANY #3, LLC, d/b/a** ) | |
| **HORTON COMMUNITY HOSPITAL,** ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| IN RE: ) | |
| ) | **Case No. 19-01300-5-JNC** |
| **CAH ACQUISITION COMPANY 6, LLC, d/b/a** ) | |
| **PRAGUE COMMUNITY HOSPITAL,** ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| IN RE: ) | |
| ) | **Case No. 19-01298-5-JNC** |
| **CAH ACQUISITION COMPANY 7, LLC, d/b/a** ) | |
| **PRAGUE COMMUNITY HOSPITAL,** ) | Chapter 11 |
| ) | |
| Debtor. ) | |

| | |
|---|---|
| **IN RE:** ) | |
| ) | **Case No. 19-01697-5-JNC** |
| **CAH ACQUISITION COMPANY 12, LLC, d/b/a** ) | |
| **FAIRFAX COMMUNITY HOSPITAL,** ) | **Chapter 11** |
| ) | |
| **Debtor** ) | |
| **IN RE:** ) | |
| ) | **Case No. 19-01227-5-JNC** |
| **CAH ACQUISITION COMPANY 16, LLC, d/b/a** ) | |
| **HASKELL COUNTY COMMUNITY** ) | **Chapter 11** |
| **HOSPITAL,** ) | |
| ) | **(Jointly Administered)** |
| **Debtor.** ) | |

**CONSENT ORDER REGARDING PAYMENT TO**
**SHERWOOD PARTNERS, INC. SALES AGENT FOR THE TRUSTEE**

This matter came before the Court upon the Omnibus Motion to Approve Consent Order (the "Motion") filed by Sherwood Partners, Inc. ("Sherwood"), and pursuant to which Thomas W. Waldrep, Jr., Chapter 11 Trustee (the "Trustee," and together with Sherwood, the "Parties") for the above-captioned debtors (the "Debtors," and each, a "Debtor") and Sherwood, as Sales Agent for the Trustee.[1] The Parties hereby agree that Sherwood is owed and should be paid certain fees and expenses for the work that it has performed as Sales Agent pursuant to the terms of the various orders approving the employment of Sherwood entered in these cases on October 17, 2020 in the cases of CAH Acquisition Company 6, LLC d/b/a I-70 Community Hospital ("CAH 6"); CAH Acquisition Company 7, LLC d/b/a Prague Community Hospital ("CAH 7"); CAH Acquisition Company 12, LLC d/b/a Fairfax Community Hospital ("CAH 12"); and CAH Acquisition

---

[1] On September 23, 2010, the Trustee filed a Motion to Employ Sherwood Partners, Inc. as Sales Agent (each an "Employment Motion" and together the "Employment Motions") in each Debtors' case: CAH Acquisition Company #2, LLC, Case No. 19-01230, Docket No. 185; CAH Acquisition Company #3, LLC, Case No. 19-01180, Docket No. 227; CAH Acquisition Company 6, LLC, Case No. 19-01300, Docket No. 308; CAH Acquisition Company 7, LLC, Case No. 19-01298, Docket No. 284; CAH Acquisition Company 12, LLC, Case No. 19-01697, Docket No. 270; and CAH Acquisition Company 16, LLC, Case No. 19-01227, Docket No. 264.  All Employment Motions were approved by the Court.

Company 16, LLC d/b/a Haskell County Community Hospital ("CAH 16"); and on October 22, 2019 in the cases of CAH Acquisition Company #2, LLC d/b/a Oswego Community Hospital ("CAH 2") and CAH Acquisition Company #3, LLC d/b/a Horton Community Hospital ("CAH 3") (altogether, the "Employment Orders," and individually, an "Employment Order"). The Employment Orders provide for Sherwood to be paid in accordance with the terms of those orders and the Engagement Agreements between Sherwood and the Trustee, which was attached to each Motion to each Employment Motion. Additionally, Sherwood was employed pursuant to 11 U.S.C. § 328(a); and, payment to Sherwood is exempted the standards of review set forth in 11 U.S.C. § 330 per the Employment Orders. Nevertheless, out of an abundance of caution the Trustee and Sherwood hereby submit this Consent Order to state on the record the distributions the Trustee will make to Sherwood for its services in these cases. On this basis, and with the consent of the Parties, the Court makes the following findings of fact and conclusions of law:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 327(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Engagement Agreement executed by the Parties and incorporated into the Employment Motions and Employment Orders provide for the following fee structure to Sherwood:

   a. $75,000 due upon the signing of the Engagement Agreement, allocated among the respective estates as set out on Exhibit B to the Engagement Agreement;
   b. $27,500 paid to Sherwood within 30 days of signing of the Engagement Agreement;
   c. An additional $27,500 paid to Sherwood within 60 days after the signing of the Engagement Agreement;
   d. An additional $27,500 paid to Sherwood within 90 days after the signing of the Engagement Agreement (the fees to be paid to Sherwood in the first 90 days after its employment shall be referred to as the "Consulting Fees");
   e. In addition to the foregoing Consulting Fees, Sherwood is entitled to a Transaction Fee of $25,000 or $50,000 from the sale proceeds of the sale of each Affiliated

       Debtor's assets depending on whether the buyer is a party listed on Exhibit C of the Engagement Agreement ("Transaction Fees");

    f.   In addition to the Consulting Fees and Transaction Fees, Sherwood is also entitled to a Success Fee equal to 5% of the combined Transactions' Sales Gross Value for all Affiliated Debtors in excess of $8,000,000.00; and

    g.   Reimbursement of all necessary out-of-pocket business expenses incurred in connection with this matter up to $50,000.00.

4. Sherwood is owed and should be paid certain fees and expenses for the work that it has performed as Sales Agent pursuant to the terms of the Employment Orders. The Employment Orders provide for Sherwood to be employed in accordance with the terms of the Engagement Agreement between Sherwood and the Trustee and pursuant to 11 U.S.C. §§ 327(a) and 328(a), which exempted Sherwood from the standards of review set forth in 11 U.S.C. § 330 per the Employment Orders.

5. Sherwood has provided great benefit to the Debtors' estates through its role as Sales Agent. More specifically, Sherwood created and distributed a comprehensive brochure describing each of the properties, identified additional potential interested parties, disseminated the brochure to 618 individuals in 409 companies operating in the health care space, as well as 277 law firms, 140 hospitals in and around Oklahoma and Kansas, and 5,250 contacts of the National Rural Health Association. Sherwood also assembled and provided an online diligence room and enlisted a professional photographer to photograph the properties.

6. After widely disseminating the marketing material, Sherwood received over thirty executed non-disclosure agreements from interested parties. Sherwood spoke to other parties who ultimately decided not to execute non-disclosure agreements. The parties that executed the non-disclosure agreement were granted access to the online diligence room, introduced to the local management companies, and, if requested, attended tours of the properties. All of these activities were managed by Sherwood.

7. With the assistance of the marketing efforts of Sherwood, Trustee filed a Motion for (i) an Order (A) Establishing Bidding Procedures, (B) Approving Form and Manner of Notices (C) Scheduling Hearing to Consider Final Approval of Sale and Treatment of Executory Contracts and Unexpired Leases, and (D) Granting Related Relief; and (ii) an Order (a) Approving Sale Free and Clear of All Liens, Claims, Interests, and Encumbrances, (b) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (c) Granting Related Relief in each case (the "Sale and Bidding Procedures Motions," and each, a "Sale and Bidding Procedures Motion").[2] The Sale and Bidding Procedures Motion for CAH 6 contained additional provisions seeking the approval of a stalking horse bidder.

8. On November 27, 2019, the Court entered an order approving the bidding procedures provisions of the Sale and Bidding Procedures Motions in each case (the "Bidding Procedures Orders," and each, a "Bidding Procedures Order."). The Bidding Procedures Order for CAH 6 contained additional provisions approving the stalking horse bidder. Orders approving the sales of each Debtors assets (the "Sale Orders," and each, a "Sale Order") were entered on the following dates: CAH 2, on February 18, 2020; CAH 3, on January 31, 2020; CAH 6, to the stalking horse bidder, on February 7, 2020; CAH 7, on February 4, 2020; CAH 12, on February 12, 2020; and CAH 16 on February 18, 2020.

---

[2] An *Order (A) Approving Sale Free and Clear of All Liens, Claims, Interests, and Encumbrances, (B) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* (each, a "Sale Order," and together, the "Sale Orders") was entered in each Debtor's case: CAH Acquisition Company #2, LLC, Case No. 19-01230, Docket No. 324 entered February 18, 2020; CAH Acquisition Company #3, LLC, Case No. 19-01180, Docket No. 371 entered January 31, 2020; CAH Acquisition Company 7, LLC, Case No. 19-01298, Docket No. 450 entered February 4, 2020; CAH Acquisition Company 12, LLC, Case No. 19-01697, Docket No. 447 entered February 14, 2020; and CAH Acquisition Company 16, LLC, Case No. 19-01227, Docket No. 430 entered February 18, 2020. Each sale contemplated pursuant to the Sale Orders shall be referred to herein as the "Sale."

9. The sale of the assets of CAH 6 to the stalking horse bidder did not consummate, and the principal secured lender for that Debtor's assets has received relief from the automatic stay to commence with foreclosure proceedings while an alternative purchaser is sought.

10. The sale prices for substantially all the Debtors' assets are as follows:

| Affiliated Debtor | Sales Price |
|---|---|
| CAH Acquisition Company #1, LLC (Washington) | $3,500,000 |
| CAH Acquisition Company #2, LLC (Oswego) | $75,000 |
| CAH Acquisition Company #3, LLC (Horton) | $275,000 |
| CAH Acquisition Company 7, LLC (Prague)[3] | $2,509,767 |
| CAH Acquisition Company 12, LLC (Fairfax)[5] | $2,841,931 |
| CAH Acquisition Company 16, LLC (Haskell)[5] | $1,532,661 |
| Total: | $10,734,359 |

11. Based on the sale prices, Sherwood is currently entitled to the following fees:

| Affiliated Debtor | Consulting Fees | Transaction Fees | Total |
|---|---|---|---|
| CAH Acquisition Company #1, LLC (Washington) | $37,500 | $25,000 | $62,500 |
| CAH Acquisition Company #2, LLC (Oswego) | $0 | $50,000 | $50,000 |
| CAH Acquisition Company #3, LLC (Horton) | $0 | $50,000 | $50,000 |
| CAH Acquisition Company 6, LLC (I-70) | $5,000 | -- | $5,000 |
| CAH Acquisition Company 7, LLC (Prague) | $0 | $50,000 | $50,000 |
| CAH Acquisition Company 12, LLC (Fairfax) | $0 | $50,000 | $50,000 |
| CAH Acquisition Company 16, LLC (Haskell) | $0 | $50,000 | $50,000 |

12. The sum total of the outstanding Consulting Fees and Transaction Fees owed to Sherwood by all Affiliated Debtors' estates, as of the date of this filing, is $317,500. Of that sum, and as indicated in the foregoing table, $250,000 is attributable to the sale of the Affiliated Debtors,

---

[3] The sales of these Affiliated Debtors' assets do not include the sale of any accounts receivable owed to the Affiliated Debtors. Trustee will collect the accounts receivable and remit the fees to Sherwood related to those collections as the accounts receivable are collected.

except CAH 6, and $5,000 is owed to Sherwood as a Consulting Fee related to the efforts to sell CAH 6.

13. If the assets of CAH 6 are sold to an alternate purchaser outside of the pending foreclosure process, Sherwood will be owed additional Transaction Fees and possibly Success Fees. Sherwood specifically reserves the right to request additional Transaction Fees and/or Success Fees if a subsequent sale of CAH 6 closes.

14. Sherwood has incurred expenses totaling $17,447.81. As of this filing, those expenses have not been reimbursed to Sherwood.

15. Sherwood has performed its duties as agreed by the Parties and authorized by this Court pursuant to the Employment Orders, the Bidding Procedures Order, and the Sale Order.

16. The Trustee is very pleased with the performance of Sherwood in this case and believes Sherwood should be paid according to the terms of the Engagement Agreement, the Employment Order, and the Sale Order.

**NOW, THEREFORE,** based upon the foregoing, the Court concludes the above statements are supported by the record in this case, the relief requested is appropriate, and for other food and sufficient reasons appearing it is hereby **ORDERED** as follows:

A. The Trustee is authorized and shall pay the Consulting Fees in the amount of $5,000.00 owed to Sherwood by the bankruptcy estate of CAH Acquisition Company 6, LLC, and the rights of Sherwood to request additional Transaction Fees and/or Success Fees if a subsequent sale of CAH 6 closes are expressly preserved;

B. The Trustee is authorized and shall reimburse the expenses owed to Sherwood in the amount of $17,447.81 using the same procedure it has made previous reimbursements;

C. After payment of the Consulting Fees and expenses, Sherwood has allowed administrative claims against the Debtors' estates as follows:

| Affiliated Debtor | Total |
|---|---|
| CAH Acquisition Company #2, LLC (Oswego) | $50,000 |
| CAH Acquisition Company #3, LLC (Horton) | $50,000 |
| CAH Acquisition Company 6, LLC (I-70) | $5,000 |
| CAH Acquisition Company 7, LLC (Prague) | $50,000 |
| CAH Acquisition Company 12, LLC (Fairfax) | $50,000 |
| CAH Acquisition Company 16, LLC (Haskell) | $50,000 |

D. The Trustee is authorized, without further order of the Court, to pay Sherwood the full amount of its allowed administrative claim from the proceeds of the closing of the sale of the Debtors' assets; and

E. For any sales that have already closed, the Trustee is authorized and shall distribute the funds owed to Sherwood for its allowed administrative claims.

**AGREED TO BY:**

**WALDREP LLP**                                                                 **Law Offices of Oliver & Cheek, PLLC**

*s/ Jennifer B. Lyday*                                                             *s/ Ciara L. Rogers*
Jennifer B. Lyday (NC State Bar No. 39871)          Ciara L. Rogers
101 S. Stratford Road, Suite 210                              N.C. State Bar No. 42571
Winston-Salem, NC 27104                                         P.O. Box 1548
Telephone: 336-717-1440                                          New Bern, NC 28563
Telefax: 336-717-1340                                                Telephone: (919) 987-2024
Email: notice@waldrepllp.com                                Facsimile: (252) 633-1950
*Co-Counsel for the Chapter 11 Trustee*                Email: ciara@olivercheek.com
                                                                                        *Attorney for Sherwood Partners, Inc.*

**END OF DOCUMENT**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| **In the Matter of:** | ) | **Chapter 11** |
| **CAH ACQUISITION COMPANY #2, LLC** | ) | **Case No.:  19-01230-5-JNC** |
| d/b/a Oswego Community Hospital | ) | |
|     **Debtor** | ) | |
| | ) | |
| | ) | |
| **In the Matter of:** | ) | **Chapter 11** |
| **CAH ACQUISITION COMPANY #3, LLC** | ) | **Case No.:  19- 01180-5-JNC** |
| d/b/a Horton Community Hospital | ) | |
|     **Debtor** | ) | |
| | ) | |
| | ) | |
| **In the Matter of:** | ) | **Chapter 11** |
| **CAH ACQUISITION COMPANY 6, LLC** | ) | **Case No.:  19- 01300-5-JNC** |
| d/b/a I-70 Community Hospital | ) | |
|     **Debtor** | ) | |
| | ) | |
| | ) | |
| **In the Matter of:** | ) | **Chapter 11** |
| **CAH ACQUISITION COMPANY 7, LLC** | ) | **Case No.:  19- 01298-5-JNC** |
| d/b/a Prague Community Hospital | ) | |
|     **Debtor** | ) | |
| | ) | |
| | ) | |
| **In the Matter of:** | ) | **Chapter 11** |
| **CAH ACQUISITION COMPANY 12, LLC** | ) | **Case No.:  19-01697-5-JNC** |
| d/b/a Fairfax Community Hospital | ) | |
|     **Debtor** | ) | |
| | ) | |
| | ) | |
| **In the Matter of:** | ) | **Chapter 11** |
| **CAH ACQUISITION COMPANY 16, LLC** | ) | **Case No.:  19- 01227-5-JNC** |
| d/b/a Haskell County Community Hospital | ) | |
|     **Debtor** | ) | **(Jointly Administered)** |
| | ) | |

## NOTICE OF MOTION TO APPROVE CONSENT ORDER REGARDING PAYMENT TO SHERWOOD PARTNERS, INC., SALES AGENT FOR THE TRUSTEE

**NOTICE IS HEREBY GIVEN** of the Motion to Approve Consent Order Regarding Payment to Sherwood Partners, Inc., Sales Agent for the Trustee (the "Motion") filed simultaneously

herewith by the attorneys for Sherwood Partners, Inc. in the above-captioned case; and,

**FURTHER NOTICE IS HEREBY GIVEN**, that the Motion may be allowed provided no response and request for a hearing is made by a party in interest in writing to the Clerk of this Court within **FOURTEEN (14) DAYS** of the date of this Notice; and,

**FURTHER NOTICE IS HEREBY GIVEN**, that if a response and a request for hearing is filed by the a party in interest named herein in writing within the time indicated, a hearing will be conducted on the Motion and response thereto at a date, time and place to be later set by this Court and all interested parties will be notified accordingly. If no request for a hearing is timely filed, the Court may rule on the Motion and response thereto ex parte without further notice. Any party filing a response requesting a hearing, shall appear at said hearing or they may be taxed with Court costs.

This the 12th day of June, 2020.

The Law Offices of Oliver & Cheek, PLLC

s/Ciara L. Rogers
Ciara L. Rogers
N.C. State Bar No. 42571
P.O. Box 1548
New Bern, NC  28563-1548
Telephone: (919) 987-2024
Facsimile: (252) 633-1950
Email:  ciara@olivercheek.com
*Attorney for Sherwood Partners, Inc.*

## CERTIFICATE OF SERVICE

I, Ciara L. Rogers, Post Office Box 1548, New Bern, North Carolina 28563, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the date below I served copies of the foregoing pleading on the parties listed below via CM/ECF or via U.S. Mail, First Class, postage prepaid, as indicated; and,

I certify under penalty of perjury that the foregoing is true and correct.

This the 12th day of June, 2020.

        The Law Offices of Oliver & Cheek, PLLC

        s/Ciara L. Rogers
        Ciara L. Rogers
        N.C. State Bar No. 42571
        P.O. Box 1548
        New Bern, NC 28563-1548
        Telephone: (919) 987-2024
        Facsimile: (252) 633-1950
        Email: ciara@olivercheek.com
        *Attorney for Sherwood Partners, Inc.*

cc:
Bankruptcy Administrator    (via CM/ECF)

Rayford K. Adams III, Esq.    (via CM/ECF)
*Attorney for Debtor*

Ryan J. Adams, Esq.    (via CM/ECF)
*Attorney for Aspirar Medical Lab, LLC*

Brian R. Anderson, Esq.    (via CM/ECF)
Nancy A. Peterman, Esq.
*Attorneys for Health Care Ombudsman*

E. Franklin Childress, Esq.    (via CM/ECF)
*Attorney for CAH Acquisition Company 11, LLC*

John Paul H. Cournoyer, Esq.    (via CM/ECF)
*Attorney for Paul Nusbaum & Steve White*

Jonathan E. Friesen, Esq.          (via CM/ECF)
*Attorney for Wendy C. Phillips*

Steven A. Ginther, Esq.             (via CM/ECF)
*Attorney for MO Dept. of Revenue*

David J. Haidt, Esq.                (via CM/ECF)
Nicholos Zluticky, Esq.
*Attorneys for First Liberty Bank*

Patricia E. Hamilton, Esq.          (via CM/ECF)
Wesley Smith, Esq.
Sharon Stole, Esq.
*Attorneys for Brent King*

Tyler R. Heffron, Esq.              (via CM/ECF)
Felton Parrish, Esq.
*Attorney for Hillsboro*

Eric L. Johnson, Esq.               (via CM/ECF)
Mathew A. Petersen, Esq.
Stephen W. Petersen, Esq.
Jeffrey Whitley, Esq.
*Attorneys for First Capital Corporation*

Katherine McCraw, Esq.              (via CM/ECF)
*Attorney for NC DHHS*

Brian H. Smith, Esq.
*Attorney for Complete Business Solutions*

John M. Sperati, Esq.               (via CM/ECF)
*Attorney for Somerset Capital Group*

William Walt Pettit, Esq.           (via CM/ECF)
*Attorney for Complete Business Solutions*

Paul A. Fanning, Esq.               (via CM/ECF)
Ross Plourde, Esq.
*Attorneys for Cohesive Management and Consulting, LLC*

Byron Saintsing, Esq.               (via CM/ECF)
*Attorney for Siemens Financial Services, Inc.*