**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-01298-5-JNC |
| CAH ACQUISITION COMPANY 7, LLC ) | |
| d/b/a PRAGUE COMMUNITY ) | |
| HOSPITAL, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |

**NOTICE OF DEADLINES FOR FILING CERTAIN**
**ADMINISTRATIVE EXPENSE CLAIMS AGAINST THE DEBTOR**

On March 21, 2019 (the "Petition Date"), CAH Acquisition Company 7, LLC d/b/a Prague Community Hospital (the "Debtor") filed an voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). On March 29, 2019, the United States Bankruptcy Court for the Eastern District of North Carolina (the "Court") entered an appointing Thomas W. Waldrep, Jr. as Chapter 11 Trustee (the "Trustee") for the Debtor.

**PLEASE TAKE NOTICE THAT** on June 17, 2020, the Court entered an order (the "Administrative Expense Claims Bar Date Order") in the Debtor's Chapter 11 Case establishing **July 18, 2020, at 4:00 p.m. (prevailing Eastern Time)** as the deadline for filing Administrative Expense Claims (defined below) against the Debtor.

For purposes of this notice, an Administrative Expense Claim is a Claim[1] against the Debtor or the Debtor's estate pursuant to Sections 503(b) and 507(a)(2) of the Bankruptcy Code

---

[1] For purposes of this notice, a "claim" has the meaning set forth in 11 U.S.C. § 101(5), namely: (a) the right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to receive payment, whether or not such right to an

1

that was incurred, accrued, or arose during either (a) the Post-petition Period, *i.e.*, from March 21, 2020 (the "Petition Date") through and including May 4, 2020 (the "Closing Date"), including, but not limited to, (i) the actual, necessary costs and expenses, of preserving the Debtor's estate and operating the business of the Debtor, including wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case and (ii) claims or causes of action arising after the Petition Date, including alleged personal injuries, whether or not such claim is reduced to judgment, liquidated, unliquidated, fixed, contingent, insured or uninsured, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, or (b) the period from and including 20 days before the Petition Date and entitled to an administrative expense priority under Section 503(b)(9) of the Bankruptcy Code (each an "Administrative Expense Claim" and collectively, "Administrative Expense Claims").  This definition is for illustrative purposes only and without prejudice to the Debtor's or any other party in interest's right to assert that any claim or cause of action entitled to priority pursuant to Section 507(a)(2) of the Bankruptcy Code was required to be filed by the Administrative Expense Claims Bar Date.

With respect to claims against the Debtor pursuant to Section 503(b)(9) of the Bankruptcy Code (the "Section 503(b)(9) Claims"), claimants are required to submit a proof of claim in the form of the Section 503(b)(9) Claim form attached to the Administrative Expense Claims Bar Date Order as **Exhibit 1-A** that sets forth with specificity:

    a.    the amount of the claim;

    b.    the type(s) of goods received by debtor within twenty (20) days before the Petition Date;

---

equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, secured, or unsecured. Claims include potential and unmatured tort and contract claims.

   c. the shipment date of goods;

   d. the place of delivery of goods;

   e. the method of delivery of goods;

   f. the name of carrier of goods;

   g. the alleged value of goods;

   h. whether the value of goods listed in this claim relates to services and goods;
   i. the percentage of value related to services and the percentage of value related to goods; and

   j. whether claimant has filed any other claim against Debtor relating to goods underlying its Section 503(b)(9) claim.

  All proofs of Section 503(b)(9) Claims must be accompanied by (i) the particular invoices, receipts, bills of lading, and similar materials identifying the goods underlying the claim; (ii) any demand to reclaim the goods under Section 546(c); and (iii) documents demonstrating the date the goods were actually received by the Debtor.  Finally, any claimant asserting a Section 503(b)(9) Claim must certify that the goods were sold in the ordinary course of the Debtor's business.

  Claimants asserting Administrative Expense Claims other than those for Section 503(b)(9) Claims are required to submit a general administrative expense proof of claim form attached to the Administrative Expense Claim Bar Date Order as **Exhibit 1-B**.  Any documents supporting or evidencing an Administrative Expense Claim should be attached to the proof of claim.  Failure to attach such supporting documents may form the basis of an objection or disallowance of such Administrative Expense Claim.  Proofs of claim for Section 503(b)(9) Claims must be submitted separately and shall not be asserted on the same proof of claim as other Administrative Expense Claims.

Notwithstanding the foregoing, the following Administrative Expense Claims need <u>not</u> be filed prior to the Administrative Expense Claims Bar Date:

(a) any Administrative Expense Claims of professionals retained pursuant to orders of this Court who may seek fees and expenses for their services pursuant to Sections 330 and 331 of the Bankruptcy Code, and fees payable to the United States Bankruptcy Administrator pursuant to 28 U.S.C. § 1930;

(b) any entity that has already properly filed a motion requesting allowance of an administrative expense claim pursuant to Section 503(b) related to the Post-petition Period or on account of a claim arising under Section 503(b)(9) of the Bankruptcy Code;

(c) any entity that has already filed a proof of claim asserting an administrative expense claim or Section 503(b)(9) Claim;

(d) a holder of an Administrative Expense Claim related to or incurred during the Post-petition Period or a Section 503(b)(9) Claim that previously has been allowed by order of the Court;

(e) any Administrative Expense Claims of members of the Committee for expenses pursuant to Section 503(b)(3)(F) of the Bankruptcy Code; and

(f) a holder of an Administrative Expense Claim that has been paid in full by the Trustee or Transcendental Union with Love and Spiritual Advancement ("<u>TULSA</u>") pursuant to the Bankruptcy Code or in accordance with an Order of the Court.

**You should not file an Administrative Expense Claim if you do not hold an Administrative Expense Claim.  The fact that you received this notice does not necessarily mean that you hold an Administrative Expense Claim or that either the Debtor or the Court believes that you hold an Administrative Expense Claim.**

Pursuant to the terms of the Administrative Expense Claims Bar Date Order, and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust or governmental unit) that holds or asserts an Administrative Expense Claim must file an Administrative Expense Proof of Claim Form with original signature, substantially conforming to the Administrative Expense Proof of Claim Forms, as applicable, attached to the Administrative Expense Claims Bar

Date Order so that such Administrative Expense Proof of Claim Form is actually received by the Office of the Clerk of the United States Bankruptcy Court for the Eastern District of North Carolina (the "Clerk's Office"), on or before 4:00 p.m. (prevailing Eastern Time) on the Administrative Expense Claims Bar Date, as set forth below. Administrative Expense Proof of Claim Forms may be sent by first class mail, priority mail, or overnight mail, and must be sent/delivered to the following address:

> Bankruptcy Clerk's Office
> P.O. Box 791
> Raleigh, NC 27602

Any party in interest seeking additional or replacement forms must email such request to the counsel for the Trustee at Jennifer B. Lyday, jlyday@waldrepllp.com, James C. Lanik, jlanik@waldrepllp.com, or John R. Van Swearingen, jvanswearingen@waldrepllp.com. Any person or entity that wishes to receive a time-stamped copy by return mail must include an additional copy of the Administrative Expense Proof of claim Form and a self-addressed, postage-paid envelope.

Administrative Expense Claims will be deemed timely filed only if actually received by the Clerk's Office on or before 4:00 p.m. (prevailing Eastern Time) on the Administrative Expense Claims Bar Date. The Clerk's Office is not authorized to accept any Administrative Expense Proof of Claim Forms sent by facsimile, telecopy, or e-mail, and such claims will not be deemed to be properly filed claims.

Any entity that fails to file an Administrative Expense Proof of Claim Form on account of an Administrative Expense Claim on or before the Administrative Expense Claims Bar Date in accordance with the Administrative Expense Claims Bar Date Order shall be forever barred, estopped, and enjoined from asserting an Administrative Expense Claim against the Debtor, its

estate, its successor, or its property (and from filing a proof of claim with respect thereto) and any holder of such Administrative Expense Claim (i) shall not be entitled to any payment on account of such alleged Administrative Expense Claim, (ii) shall not be permitted to participate in any distribution in this Chapter 11 Case or, in the event that this case is converted, in any case under Chapter 7, on account of such Administrative Expense Claim; and (iii) shall not be entitled to receive further notices regarding such Administrative Expense Claim. Furthermore, all such Administrative Expense Claims shall be disallowed and expunged in their entirety.

Copies of the Administrative Expense Claims Bar Date Order are available for inspection during regular business hours at the Office of the Clerk, United States Bankruptcy Court for the Eastern District of North Carolina, 300 Fayetteville Street, Raleigh, NC 27601. In addition, copies of the Administrative Expense Claims Bar Date Order may be viewed and downloaded for a fee at the Bankruptcy Court's website (http://www.nceb.uscourts.gov) by following the directions for accessing the ECF system on such website.

The Trustee and/or any party in interest reserves the right to dispute or assert offsets or defenses against any filed Administrative Expense Claim on any grounds.

**RECIPIENTS OF THIS NOTICE SHOULD CONSULT AN ATTORNEY IF SUCH RECIPIENT HAS ANY QUESTIONS REGARDING ANY CLAIM IT MAY HAVE AGAINST THE DEBTOR, INCLUDING WHETHER SUCH RECIPIENT SHOULD FILE AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM FORM TO PROTECT ITS INTERESTS.**

Dated: June 22, 2020.

                                          **WALDREP LLP**

                                          /s/ *Jennifer B. Lyday*
                                          Thomas W. Waldrep, Jr. (NC State Bar No. 11135)

James C. Lanik (NC State Bar No. 30454)
Jennifer B. Lyday (NC Bar No. 39871)
Francisco T. Morales (NC Bar No. 43079)
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440
Telefax: 336-717-1340
Email: notice@waldrepllp.com

**- and –**

**HENDREN, REDWINE & MALONE, PLLC**

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC Bar No. 37012)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: 919-420-7867
Telefax: 919-420-0475
Email: jhendren@hendrenmalone.com
      rredwine@hendrenmalone.com

*Attorneys for the Trustee*