# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-01298-5-JNC |
| CAH ACQUISITION COMPANY 7, LLC, ) | |
| d/b/a PRAGUE COMMUNITY HOSPITAL, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |

**TRUSTEE'S AMENDED MOTION PURSUANT TO 11 U.S.C. §§ 363 AND 105(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a) FOR APPROVAL OF CONSENT ORDER AND STIPULATION BY AND BETWEEN THE TRUSTEE AND TRANSCENDENTAL UNION WITH LOVE AND SPIRITUAL ADVANCEMENT RESOLVING MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS**

**NOW COMES** Thomas W. Waldrep, Jr., Chapter 11 trustee (the "Trustee") for CAH ACQUISITION COMPANY 7, LLC d/b/a Prague Community Hospital (the "Debtor"), by and through the undersigned counsel, and pursuant to Rule 4001(d) of the Federal Rules of Bankruptcy Procedure, and hereby moves the Court to approve and enter the attached *Amended Consent Order and Stipulation by and between the Trustee and Transcendental Union with Love and Spiritual Advancement, Inc. Resolving Motion Seeking (I) an Order Confirming that (A) Certain Stimulus Funds Were Used in Accordance with Applicable Terms and Conditions and (B) Trustee May Transfer Any Remaining Stimulus Funds to Purchasers; and (II) an Order Eliminating Any Liability of Trustee and Debtors' Estates for Use of Stimulus Funds* (the "Amended Consent Order") by and between the Trustee and Transcendental Union with Love

1

and Spiritual Advancement, Inc. ("TULSA"). The Amended Consent Order is being submitted simultaneously with this Motion and is attached hereto as Exhibit 1.

If, after proper notification to all parties listed on the Certificate of Service, no objections to this Motion are filed, the Trustee and TULSA request the Court to enter the Amended Consent Order.

Respectfully submitted this the 14th of August, 2020.

      **WALDREP LLP**

      */s/ Jennifer B. Lyday*
      Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
      James C. Lanik (NC State Bar No. 30454)
      Jennifer B. Lyday (NC State Bar No. 39871)
      Francisco T. Morales (NC State Bar No. 43079)
      101 S. Stratford Road, Suite 210
      Winston-Salem, NC 27104
      Telephone: 336-717-1440
      Telefax: 336-717-1340
      Email: notice@waldrepllp.com

      **- and -**

      **HENDREN, REDWINE & MALONE, PLLC**

      Jason L. Hendren (NC State Bar No. 26869)
      Rebecca F. Redwine (NC State Bar No. 37012)
      4600 Marriott Drive, Suite 150
      Raleigh, NC 27612
      Telephone: 919-420-7867
      Telefax: 919-420-0475
      Email: jhendren@hendrenmalone.com
            rredwine@hendrenmalone.com

      *Co-Counsel for the Trustee*

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| IN RE:   ) | |
| ) | **Case No. 19-01298-5-JNC** |
| CAH ACQUISITION COMPANY 7, LLC,   ) | |
| d/b/a PRAGUE COMMUNITY HOSPITAL,   ) | **Chapter 11** |
| ) | |
| Debtor.   ) | |
| ) | |
| ) | |

**AMENDED CONSENT ORDER AND STIPULATION BY AND BETWEEN THE TRUSTEE AND TRANSCENDENTAL UNION WITH LOVE AND SPIRITUAL ADVANCEMENT, INC. RESOLVING, IN PART, MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS**

This matter is before the Court on that certain MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS [ECF No. 573] (the "**CARES Act Fund Motion**") and the stipulation contained herein. Thomas W. Waldrep, Jr., the duly appointed trustee (the "**Trustee**") for the bankruptcy estate of CAH ACQUISITION COMPANY 7, LLC d/b/a Prague Community Hospital (the "**Prague Debtor**"), and Transcendental Union with Love and Spiritual Advancement, Inc. ("**TULSA**") hereby agree and stipulate as follows:

A. The Trustee is administering the bankruptcy estate of the Prague Debtor.

B.  On February 4, 2020, this Court entered the "Order (A) Approving Sale Free and Clear of All Liens, Claims, Interests, and Encumbrances, (B) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief" [ECF No. 450] (the "**Sale Order**").  Pursuant to the Sale Order, this Court authorized the Trustee to sell to TULSA and TULSA to acquire substantially all of the assets of the Prague Debtor, including assignment of certain assumed executory contracts.

C.  The sale closed with an effective date of May 4, 2020, and since that date TULSA has been operating the 25-bed hospital known as the Prague Community Hospital (the "**Prague Hospital**") in Prague, Oklahoma.

D.  The Trustee has received certain stimulus Provider Relief Fund payments through United States Department of Health and Human Services ("**DHHS**") under the Coronavirus Aid, Relief, and Economic Security Act, P.L. 116-136 [HR 748], 134 Stat. 281 (signed into law Mar. 27, 2020) (the "**CARES Act**"), which is administered by DHHS.  Additionally, the Trustee has received funds in two other programs supported by DHHS and identified in the CARES Act Fund Motion, as defined below: the Oklahoma Hospital Association Grant (the "**OHA Grant**") and the Small Rural Hospital Improvement Grant Program (the "**SHIP Grant**").

E.  Specifically, the Trustee has received a total of $3,290,722.63 cash in CARES Act fund payments on account of the Prague Hospital (the "**Prague Fund Payments**").

F.  The Trustee received the Prague Fund Payments because the Trustee holds the tax identification number (the "**TIN**") that, under the CARES Act, is the mechanism by which a recipient of CARES Act funds receives such funds and can attest to the use of such funds.

G. The TIN and the bank account into which the Prague Fund Payments were received constitute property of the Prague Debtor's estate and using Prague Fund Payments is subject to 11 U.S.C. § 363.

H. On May 15, 2020, the Trustee filed the CARES Act Fund Motion.

I. On June 5, 2020, the Trustee filed the *Trustee's Motion Pursuant To 11 U.S.C. §§ 363 And 105(A) And Federal Rule Of Bankruptcy Procedure 9019(A) For Approval Of Consent Order And Stipulation By And Between The Trustee And Transcendental Union with Love and Spiritual Advancement, Inc. Resolving Motion Seeking (I) An Order Confirming That (A) Certain Stimulus Funds Were Used In Accordance With Applicable Terms And Conditions And (B) Trustee May Transfer Any Remaining Stimulus Funds To Purchasers; And (Ii) An Order Eliminating Any Liability Of Trustee And Debtors' Estates For Use Of Stimulus Funds* (the "**Original Consent Motion**") [ECF No. 612] pursuant to which the Trustee sought this Court's authority to transfer to TULSA the Unused Funds so that such funds could be used by the Prague Hospital to address the COVID-19 crisis and establish a procedure for resolving disputes regarding the Used Funds.

J. On June 22, 2020, DHHS filed a response to the Original Consent Motion, contending that transferring funds from the Prague Debtor's estate to TULSA, as purchaser, would purportedly "violate DHHS's express nationwide policy prohibiting the transfer of payments received from the Provider Relief Fund ('PRF') to a third party." [ECF No. 637 at 2].

K. At the Trustee's request, the Court continued the hearing on the Original Consent Motion and did not rule on DHHS's response. The Original Consent Motion has been withdrawn [ECF No. ___]. The Court reconvened at a subsequent hearing and considered two consent orders proposed by the Trustee in companion cases. This Court ultimately entered those

Amended Consent Orders over the objections of DHHS. See In re: CAH Acquisition Company 12, LLC, Case 19-01697-5-JNC [ECF No. 632] and In re: CAH Acquisition Company #1, Case 19-730-5-JNC [ECF No. 892]. With respect to the above-captioned case, TULSA and the Trustee requested a hearing on the legal issues to be considered.

L. TULSA and the Trustee subsequently presented their non-evidentiary arguments for the Court to make its ruling. The Court denied the parties' request for a decision as a matter of law [ECF No. 669].

M. After negotiating, taking into account the holdings of this Court in its denial of the parties' request for a decision as a matter of law and litigation risks and costs posed to both parties, the Trustee and TULSA agree that $1,508,670.62 of the Prague Fund Payments (the "**Used Funds**") shall be retained by the Prague Debtor's estate as compensation for lost revenue and expenses due to the coronavirus between February 1, 2020 and the Prague Closing Date. TULSA and the Trustee further agree that he should be permitted to transfer to TULSA $1,782,052.01 of the Prague Fund Payments (the "**Unused Funds**"), including but not limited to the entirety of the OHA Grant and the SHIP Grant, to TULSA for COVID-19 related losses and claims.

N. As set forth in Exhibit "A" hereto, the parties hereto desire to settle and resolve all matters relating to the CARES Act Fund Motion and amend the Original Consent Motion so as to permit the Unused Funds to be used to address COVID-19 matters at the Prague Hospital in a manner that does not violate the CARES Act or the details for the requirements for receipt, acceptance and usage of payments from PRF as has been published by DHHS on its website at www.hhs.gov/coronavirus/cares-act-provider-relief-fund/index.html (the "**Prague Hospital Resolution**").

2

O.      The CARES Act, with regards to the PRF, states "[t]hat 'eligible health care providers' means public entities, Medicare or Medicaid enrolled suppliers and providers, and such for-profit entities and not for profit entities not otherwise described in this proviso as the Secretary may specify, within the United States (including territories), that provide diagnoses, testing, or care for individuals with possible or actual cases of COVID-19." Consistent with the CARES Act's definition of an eligible health care provider, Prague Hospital continues to be a Medicare and Medicaid enrolled supplier and provider.

P.      The CARES Act also states that payments shall be made in consideration of the most efficient payment systems practicable to provide emergency payment.  The terms and conditions concerning acceptance of PRF funds discusses use of such funds by subrecipients and subgrantees.  The Trustee and TULSA intend for Prague Hospital to serve as a subrecipient and/or subgrantee that continues to provide diagnoses, testing, or care for indivdiuals with possible or actual cases of COVID-19 to the same patient population, consistent with the applicable terms and conditions existing at the time of the CARES Act Fund Motion.

In light of the foregoing, the Trustee and TULSA, whose representatives have signed below, do stipulate and agree as follows, and based upon this stipulation **IT IS ORDERED, ADJUDGED, AND DECREED** that:

1.      Pursuant to 11 U.S.C. §§ 541(a), 363(b), and 105(a) and Federal Rule of Bankruptcy Procedure 9019(a), the Trustee is authorized to agree to and implement the settlement and use of the TIN and Prague Fund Payments,  as set forth on Exhibit "A" hereto.

2. Granting the relief requested is not barred by any provision of the CARES Act or any regulation adopted by DHHS concerning the PRF, but furthers the purpose of the CARES Act and the PRF.

3. For purposes of the use of Unused Funds, Prague Hospital shall be a subrecipient and/or subgrantee within the meaning of the terms and conditions governing the use of such Unused Funds.

4. Any and all objections to the Amended Consent Motion are overruled.

5. For the Used Funds, only the Trustee can attest to their use under the CARES Act, applicable regulations, and sub-regulatory guidance; and TULSA and the Prague Hospital shall have no liability for any attestation made by the Trustee, and no party shall be entitled to setoff or recoup monies owed to the Prague Hospital on account of or relating to the Used Funds.

6. Subject to the terms and conditions of the Prague Hospital Resolution, for any Unused Funds, only the Trustee can attest to their use under the CARES Act, applicable regulations, and sub-regulatory guidance.

7. All parties in interest with notice and opportunity to object, including DHHS, shall be bound by and shall comply with the provisions of this Consent Order.

8. Subject to the terms and conditions of Exhibit "A" hereto, nothing herein shall affect the jurisdiction or regulatory authority of DHHS in respect of the use, monitoring, and enforcement of the rights of DHHS under and in connection with the CARES Act.

SO STIPULATED AND AGREED to today, August _____, 2020.

| | |
|---|---|
| **TRANSCENDENTAL UNION WITH LOVE AND SPIRITUAL ADVANCEMENT, INC.** | **TRUSTEE OF CAH ACQUISITION COMPANY 7, LLC** |

_____
Hugh M. Robert
Oklahoma Bar No. 22441
SHERWOOD, McCORMICK & ROBERT
Bank of America Center
15 W. 6th St., Ste. 2800
Tulsa, OK  74119
P:  (918) 592-1144
F:  (918) 592-1149
E:  hugh@sm-oklaw.com

- AND -

/s William C. Smith
_____
William C. Smith, Jr.
NC Bar No. 14199
Manning Fulton & Skinner, PA
3605 Glenwood Ave., Suite 500
Raleigh, NC  27612
P:  919-787-8880
F:  919-325-4623
Email:  smith@manningfulton.com
Local Rule 83.1(d) Counsel

*Attorneys for Transcendental Union with Love and Spiritual Advancement , Inc.*

*/s/ Thomas W. Waldrep, Jr.*
Thomas W. Waldrep, Jr.
NC Bar No. 11135
Waldrep LLP
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440
Fax: 336-717-1340
Email: notice@waldrepllp.com
*Chapter 11 Trustee of CAH ACQUISITION COMPANY 7, LLC*

**END OF DOCUMENT**

2

# AMENDED CONSENT ORDER
# EXHIBIT "A"

## PRAGUE HOSPITAL RESOLUTION AGREEMENT

Thomas W. Waldrep, Jr., Chapter 11 trustee (the "Trustee") for CAH ACQUISITION COMPANY 7, LLC d/b/a Prague Community Hospital (the "Prague Debtor") and Transcendental Union with Love and Spiritual Advancement, Inc. ("TULSA") agree and settle in full and complete resolution of the "TRUSTEE'S AMENDED MOTION PURSUANT TO 11 U.S.C. §§ 363 AND 105(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a) FOR APPROVAL OF CONSENT ORDER AND STIPULATION BY AND BETWEEN THE TRUSTEE AND TRANSCENDENTAL UNION WITH LOVE AND SPIRITUAL ADVANCEMENT, INC. RESOLVING MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS" (the "**Amended Consent Motion**").  All terms not otherwise defined herein have the same meanings as defined in the Amended Consent Motion.

1. Within two (2) business days after entry of a final, non-appealable order approving the Amended Consent Motion (the "**Agreement Effective Date**"), the Trustee shall transfer, to a segregated account maintained at and under the control of the Prague Hospital, all of the Unused Funds; *provided, however*, that notwithstanding entry of an order approving the Amended Consent Motion, prior to the expiration of any time for appealing such order, TULSA shall have the sole and absolute discretion to terminate this Agreement, and shall have no liability to the Trustee, the Prague Debtor's estate, or any creditor of the Prague Debtor' estate for any matter arising from or relating to this Agreement.

2. Upon the Agreement Effective Date:

a. The Trustee shall direct Prague Hospital to use the Unused Funds solely for allowed purposes under the CARES Act;

b. Prague Hospital shall provide all documentation and assistance so that the Trustee can attest and report for the use of the Unused Funds by Prague Hospital; and

c. In the event of any audit, challenge, or dispute to the Trustee's attestation or use of the Unused Funds ("**Attestation Challenge**"), Prague Hospital shall be directed to respond to such Attestation Challenge. The Trustee shall cooperate with Prague Hospital in responding to such Attestation Challenge; *provided, however*, that the Trustee shall not object to or oppose any resolution to such Attestation Challenge proposed by the Prague Hospital.

3. Prague Hospital shall obtain from its existing lender an irrevocable line of credit or letter of credit in an amount equal to the amount of the Unused Funds plus $100,000, which shall be available to Prague Hospital solely to (a) fund any return of Unused Funds that the Prague Hospital does not use, is ordered to return to DHHS, or agrees to return to DHHS; and (b) fund the direct costs, including reasonable attorney's fees, if any, incurred by the Trustee in connection with an Attestation Challenge that is in excess of 2% of the Unused Funds.

4. Prague Hospital waives and releases any claim to the Used Funds. Prague Hospital shall provide the Trustee any information reasonably requested and reasonable cooperation that the Trustee requires in order to attest for and report to DHHS regarding the use of the Used Funds; *provided, however*, for avoidance of doubt neither Prague Hospital nor TULSA shall be obligated to support the Trustee's attestation in respect of the Used Funds. The

Trustee shall name TULSA and Prague Hospital as beneficiaries under the Trustee's bond to the extent of any liability either incurs in connection with the Trustee's use of Used Funds.

5. In exchange for the Trustee's agreement to administer the subgrant and the Trustee's attestation and to compensate the estate for professional fees related to the Trustee's attestation efforts and any future audit thereof, Prague Hospital shall, within thirty (30) days of the transfer of the Unused Funds in accordance with paragraph 1 hereof, transfer to the Prague Debtor's estate cash equal to two percent (2%) of the Unused Funds.

6. To the extent the Trustee receives any future CARES Act funds on account of the Prague Hospital, such funds will be transferred to the Prague Hospital as Unused Funds under the same procedures as set forth herein, and Prague Hospital shall transfer to the Prague Debtor's estate cash equal to the percentage of such funds provided for in paragraph 5 hereof. The parties will cooperate with one another if DHHS requires an application process for such funds.

7. The Trustee and TULSA shall develop further terms and conditions by agreement to effectuate this Agreement including durations of time and other administrative items.