**SO ORDERED.**

**SIGNED this 25 day of August, 2020.**



_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-01298-5-JNC |
| CAH ACQUISITION COMPANY 7, LLC, ) | |
| d/b/a PRAGUE COMMUNITY HOSPITAL ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |

## ORDER ALLOWING ENTRY OF AMENDED CONSENT ORDER

**THIS MATTER** is before the Court on the *Trustee's Amended Motion Pursuant to 11 U.S.C. §§ 363 105(a) and Federal Rule of Bankruptcy Procedure 9019(a) for Approval of Consent Order and Stipulation By and Between The Trustee and Transcendental Union with Love and Spiritual Advancement Resolving, in Part, Motion Seeking (I) an Order Confirming that (A) Certain Stimulus Funds Were Used in Accordance With Applicable Terms and Conditions and (B) Trustee May Transfer Any Remaining Stimulus Funds to Purchasers; and (II) an Order Eliminating any Liability of Trustee and Debtors' Estates for Use of Stimulus Funds* (the "Amended Motion") [Dkt. No. 689] filed on August 14, 2020 by Thomas W. Waldrep, Jr., the duly-appointed Trustee (the "Trustee") in the above-captioned case, seeking entry of an *Amended Consent Order and Stipulation By and Between The Trustee and Transcendental Union with Love and Spiritual*

*Advancement Resolving, in Part, Motion Seeking (I) an Order Confirming that (A) Certain Stimulus Funds Were Used in Accordance With Applicable Terms and Conditions and (B) Trustee May Transfer Any Remaining Stimulus Funds to Purchasers; and (II) an Order Eliminating any Liability of Trustee and Debtors' Estates for Use of Stimulus Funds* (the "Amended Consent Order") attached to the Motion. The Amended Consent Order, if approved, seeks to answer and resolve the responses and objections to the original *Trustee's Motion for Approval of Consent Order and Stipulation by and between the Trustee and Transcendental Union with Love and Spiritual Advancement Resolving, in Part, Motion Seeking (I) an Order Confirming that (A) Certain Stimulus Funds Were Used in Accordance with Applicable Terms and Conditions and (B) Trustee May Transfer Any Remaining Stimulus Funds to Purchasers; and (II) an Order Eliminating Any Liability of Trustee and Debtors' Estates for Use of Stimulus Funds* (the "Original Motion") [Dkt. No. 612] filed on June 5, 2020. The Trustee previously filed a declaration (the "Trustee's Declaration") [Dkt. No. 588] regarding the issues presented in the Original Motion and the consent order submitted therewith.

The United States Department of Health and Human Services ("DHHS"), through the United States Attorney for the Eastern District of North Carolina and the United States Department of Justice, objected to the Original Motion on June 22, 2020 (the "DHHS Objection") [Dkt. No. 637]. The bases of the DHHS Objection are legal, rather than material factual, issues.

Additionally, the Original Motion provided that there remained unresolved legal issues between the Trustee and Transcendental Union with Love and Spiritual Advancement ('TULSA"). Through briefing on such issue and a hearing held on July 29, 2020 (the "Legal Issues Hearing"), the Court determined that disputes of fact prevented the Court from entering any orders resolving

such issues as matters of law and entered an Order accordingly (the "Order Denying Judgment") [Dkt. No. 669] on July 31, 2020.

The Order Denying Judgment directed the Trustee and TULSA to submit a scheduling order for evidentiary hearings on the issues between such parties arising under the Original Motion and address or withdraw the Original Motion.

The Trustee subsequently filed the Amended Motion to approve the Amended Consent Order, which resolves the outstanding issues of the original consent order by treating TULSA in a substantially identical manner to the purchasers in the cases of CAH Acquisition Company #1, LLC d/b/a Washington County Hospital ("CAH 1"), Case No. 19-00730, and CAH Acquisition Company 12, LLC d/b/a Fairfax Community Hospital ("CAH 12"), Case No. 19-01697.  Consent orders providing such relief have been entered over all responses and objections in the cases of CAH 1 and CAH 12. Neither DHHS nor any other party objected to the Amended Motion.

After consideration of the Amended Motion and the Amended Consent Order, the facts established in the Trustee's Declaration and further in the record, and the arguments of counsel in this case and the CAH 1 and CAH 12 cases seeking the relief requested in the Amended Consent Order, the DHHS Objection is overruled.  The Amended Motion is hereby **GRANTED** pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 9019. A final form of the Amended Consent Order will be entered subsequently.  The Court reserves the authority to enter a separate memorandum opinion expanding further on the legal basis for this decision.

### END OF DOCUMENT