**SO ORDERED.**

**SIGNED this 25 day of September, 2020.**

                                                _____
                                                **Joseph N. Callaway**
                                                **United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | **Case No. 19-00730-5-JNC** |
| | ) | |
| **CAH ACQUISITION COMPANY #1, LLC, d/b/a** | ) | **Chapter 11** |
| **WASHINGTON COUNTY HOSPITAL,** | ) | |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| **IN RE:** | ) | |
| | ) | **Case No. 19-01230-5-JNC** |
| **CAH ACQUISITION COMPANY #2, LLC, d/b/a** | ) | |
| **OSWEGO COMMUNITY HOSPITAL,** | ) | **Chapter 11** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| **IN RE:** | ) | |
| | ) | **Case No. 19-01180-5-JNC** |
| **CAH ACQUISITION COMPANY #3, LLC, d/b/a** | ) | |
| **HORTON COMMUNITY HOSPITAL,** | ) | **Chapter 11** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| **IN RE:** | ) | |
| | ) | **Case No. 19-01300-5-JNC** |
| **CAH ACQUISITION COMPANY 6, LLC, d/b/a** | ) | |
| **PRAGUE COMMUNITY HOSPITAL,** | ) | **Chapter 11** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| **IN RE:** | ) | |
| | ) | **Case No. 19-01298-5-JNC** |
| **CAH ACQUISITION COMPANY 7, LLC, d/b/a** | ) | |
| **PRAGUE COMMUNITY HOSPITAL,** | | **Chapter 11** |

|  |  |
|---|---|
| **Debtor.** | ) |
|  | ) |
| **IN RE:** | ) |
|  | ) **Case No. 19-01697-5-JNC** |
| **CAH ACQUISITION COMPANY 12, LLC, d/b/a** | ) |
| **FAIRFAX COMMUNITY HOSPITAL,** | ) **Chapter 11** |
|  | ) |
| **Debtor** | ) |
|  | ) |
| **IN RE:** | ) |
|  | ) **Case No. 19-01227-5-JNC** |
| **CAH ACQUISITION COMPANY 16, LLC, d/b/a** | ) |
| **HASKELL COUNTY COMMUNITY** | ) **Chapter 11** |
| **HOSPITAL,** | ) |
|  | ) **(Jointly Administered)** |
| **Debtor.** | ) |
|  | ) |

## CONSENT ORDER REGARDING FINAL PAYMENT TO
## SHERWOOD PARTNERS, INC. SALES AGENT FOR THE TRUSTEE

This matter came before the Court upon the Omnibus Motion to Approve Consent Order (the "Motion") filed by Sherwood Partners, Inc. ("Sherwood"), and pursuant to which Thomas W. Waldrep, Jr., Chapter 11 Trustee (the "Trustee," and together with Sherwood, the "Parties") for the above-captioned debtors (the "Debtors," and each, a "Debtor") and Sherwood, as Sales Agent for the Trustee.[1] The Parties hereby agree that Sherwood is owed and should be paid certain fees and expenses for the work that it has performed as Sales Agent pursuant to the terms of the various orders approving the employment of Sherwood entered in these cases on October 17, 2020 in the cases of CAH Acquisition Company 6, LLC d/b/a I-70 Community Hospital ("CAH 6"); CAH

---

[1] On September 23, 2019, the Trustee filed a Motion to Employ Sherwood Partners, Inc. as Sales Agent (each an "Employment Motion" and together the "Employment Motions") in each Debtors' case: CAH Acquisition Copmany #1, LLC, Case No. 19-99730-5-JNC, CAH Acquisition Company #2, LLC, Case No. 19-01230, Docket No. 185; CAH Acquisition Company #3, LLC, Case No. 19-01180, Docket No. 227; CAH Acquisition Company 6, LLC, Case No. 19-01300, Docket No. 308; CAH Acquisition Company 7, LLC, Case No. 19-01298, Docket No. 284; CAH Acquisition Company 12, LLC, Case No. 19-01697, Docket No. 270; and CAH Acquisition Company 16, LLC, Case No. 19-01227, Docket No. 264. All Employment Motions were approved by the Court.

Acquisition Company 7, LLC d/b/a Prague Community Hospital ("CAH 7"); CAH Acquisition Company 12, LLC d/b/a Fairfax Community Hospital ("CAH 12"); and CAH Acquisition Company 16, LLC d/b/a Haskell County Community Hospital ("CAH 16"); on October 22, 2019 in the cases of CAH Acquisition Company #2, LLC d/b/a Oswego Community Hospital ("CAH 2") and CAH Acquisition Company #3, LLC d/b/a Horton Community Hospital ("CAH 3"); and on October 23, 2019 in the CAH Acquisition Company #1, LLC d/b/a Washington County Hospital ("CAH 1") (altogether, the "Employment Orders," and individually, an "Employment Order"). The Employment Orders provide for Sherwood to be paid in accordance with the terms of those orders and the Engagement Agreements between Sherwood and the Trustee, which was attached to each Employment Motion. Additionally, Sherwood was employed pursuant to 11 U.S.C. § 328(a); therefore, per the Employment Orders, payment to Sherwood is exempted the standards of review set forth in 11 U.S.C. § 330. Nevertheless, out of an abundance of caution, the Trustee and Sherwood hereby submit this Consent Order to state on the record the distributions the Trustee will make to Sherwood for its services in these cases. On this basis, and with the consent of the Parties, the Court makes the following findings of fact and conclusions of law:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 327(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Sherwood is owed and should be paid certain fees and expenses for the work that it has performed as Sales Agent pursuant to the terms of the Employment Orders. The Employment Orders provide for Sherwood to be employed in accordance with the terms of the Engagement Agreement between Sherwood and the Trustee and pursuant to 11 U.S.C. §§ 327(a)

and 328(a), which exempted Sherwood from the standards of review set forth in 11 U.S.C. § 330 per the Employment Orders.

4. Sherwood has provided great benefit to the Debtors' estates through its role as Sales Agent.

5. On June 12, 2020, Sherwood filed its Motion to Approve Consent Order Regarding Payment to Sherwood Partners, Inc., Sales Agent for the Trustee in the case of CAH 1 (the "CAH 1 Fees Motion"). Also on June 12, 2020, Sherwood filed a Motion to Approve Consent Order Regarding Payment to Sherwood Partners, Inc., Sales Agent for the Trustee in each of the cases of CAH 2, CAH 3, CAH 6, CAH 7, CAH 12, and CAH 16 (the "Other Debtors' Fees Motions," and together with the CAH 1 Fees Motion, the "Sherwood Fees Motions").

6. On July 7, 2020, the Court entered orders granting the Other Debtors' Fees Motions and entered the Consent Order Regarding Payment to Sherwood Partners, Inc., Sales Agent for the Trustee in the cases of CAH 2, CAH 3, CAH 6, CAH 7, CAH 12, and CAH 16 (the "Other Debtors' Consent Orders for Fees"). On July 8, 2020, the Court entered an order granting the CAH 1 Fees Motion and entered the Consent Order Regarding Payment to Sherwood Partners, Inc., Sales Agent for the Trustee in the case of CAH 1 (the "CAH 1 Consent Order for Fees," and together with the Other Debtors' Consent Orders for Fees, the "Consent Orders for Fees"). Pursuant to the Consent Orders for Fees, the Trustee was authorized to pay the following in Consulting Fees and Transaction Fees:

| Debtor | Consulting Fees | Transaction Fees | Total |
|---|---|---|---|
| CAH Acquisition Company #1, LLC (Washington) | $37,500 | $25,000 | $62,500 |
| CAH Acquisition Company #2, LLC (Oswego) | $0 | $50,000 | $50,000 |

| | | | |
|---|---|---|---|
| CAH Acquisition Company #3, LLC (Horton) | $0 | $50,000 | $50,000 |
| CAH Acquisition Company 6, LLC (I-70) | $5,000 | -- | $5,000 |
| CAH Acquisition Company 7, LLC (Prague) | $0 | $50,000 | $50,000 |
| CAH Acquisition Company 12, LLC (Fairfax) | $0 | $50,000 | $50,000 |
| CAH Acquisition Company 16, LLC (Haskell) | $0 | $50,000 | $50,000 |

7. In addition to the Consulting Fees and Transaction Fees, the Consent Orders for Fees authorized the Trustee to reimburse Sherwood $17,447.81 for expenses.

8. Following the entry of the Consent Orders for Fees, and as a result of the non-consummation of the sale of the assets of CAH 6, the Trustee decided to surrender real property owned by CAH 6 to the primary secured creditor of that Debtor. Thus, the Trustee has sold or disposed of all or substantially all of the assets owned by the Debtors.

9. Now that the sales and dispositions have been completed, the success fee authorized in the Employment Orders (the "Success Fee") can be calculated. The Success Fee is equal to five percent of the combined gross value realized from the sales of the Debtors' assets, for all Debtors, in excess of $8,000,000.00.

10. Sales and or dispositions of all or substantially all of the assets of the Debtors have been completed. The sale prices for each of the Debtors assets were as follows:

| **Affiliated Debtor** | **Sales Price** |
|---|---|
| CAH Acquisition Company #1, LLC (Washington) | $3,500,000 |
| CAH Acquisition Company #2, LLC (Oswego) | $75,000 |
| CAH Acquisition Company #3, LLC (Horton) | $275,000 |
| CAH Acquisition Company 7, LLC (Prague) | $2,509,767 |
| CAH Acquisition Company 12, LLC (Fairfax) | $2,841,931 |
| CAH Acquisition Company 16, LLC (Haskell) | $1,532,661 |
| Total: | $10,734,359 |

11. Based on those sales numbers, Sherwood is entitled to a Success Fee of five percent of $2,734,359 or $136,718.00.

12. Each Debtors' pro rata portion of the Success Fee, based on each Debtors' pro rata contribution to the total gross value realized from the sales, is as follows:

| **Affiliated Debtor** | **Success Fee** |
|---|---|
| CAH Acquisition Company #1, LLC (Washington) | $44,577.70 |
| CAH Acquisition Company #2, LLC (Oswego) | $955.24 |
| CAH Acquisition Company #3, LLC (Horton) | $3,502.53 |
| CAH Acquisition Company 7, LLC (Prague) | $31,965.61 |
| CAH Acquisition Company 12, LLC (Fairfax) | $36,196.21 |
| CAH Acquisition Company 16, LLC (Haskell) | $19,520.71 |
| **Total:** | $136,718.00 |

13. Additionally, Sherwood has incurred an additional $5,200.00 in expenses.

14. Sherwood has performed its duties as agreed by the Parties and authorized by orders of the Court.

15. The Trustee is very pleased with the performance of Sherwood in this case and believes Sherwood should be paid according to the terms of the Engagement Agreement and the Employment Order and as set forth herein.

**NOW, THEREFORE,** based upon the foregoing, the Court concludes the above statements are supported by the record in this case, the relief requested is appropriate, and for other good and sufficient reasons appearing it is hereby **ORDERED** as follows:

A. Sherwood has allowed administrative claims against the Debtors' estates, for each estate's pro rata portion of the $136,718.00 Success Fee, as follows:

| **Affiliated Debtor** | **Success Fee** |
|---|---|
| CAH Acquisition Company #1, LLC (Washington) | $44,577.70 |
| CAH Acquisition Company #2, LLC (Oswego) | $955.24 |
| CAH Acquisition Company #3, LLC (Horton) | $3,502.53 |
| CAH Acquisition Company 7, LLC (Prague) | $31,965.61 |
| CAH Acquisition Company 12, LLC (Fairfax) | $36,196.21 |
| CAH Acquisition Company 16, LLC (Haskell) | $19,520.71 |

B.      The Trustee is authorized and shall reimburse additional expenses owed to Sherwood in the amount of $5,200.00 using the same procedure he has used for previous reimbursements;

C.      The Trustee is authorized, without further order of the Court, to pay Sherwood the full amount of its allowed administrative claim from the proceeds of the closing of the sale of the Debtors' assets; and

D.      The Trustee is authorized and shall distribute the funds owed to Sherwood for its allowed administrative claims.

**AGREED TO BY:**

| **WALDREP LLP** | **Law Offices of Oliver & Cheek, PLLC** |
|---|---|
| *s/ Jennifer B. Lyday* | *s/ Ciara L. Rogers* |
| Jennifer B. Lyday (NC State Bar No. 39871) | Ciara L. Rogers |
| 101 S. Stratford Road, Suite 210 | N.C. State Bar No. 42571 |
| Winston-Salem, NC 27104 | P.O. Box 1548 |
| Telephone: 336-717-1440 | New Bern, NC 28563 |
| Telefax: 336-717-1340 | Telephone: (919) 987-2024 |
| Email: notice@waldrepllp.com | Facsimile: (252) 633-1950 |
| *Co-Counsel for the Chapter 11 Trustee* | Email: ciara@olivercheek.com |
| | *Attorney for Sherwood Partners, Inc.* |

**END OF DOCUMENT**