IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY #2, LLC, | ) | |
| d/b/a Oswego Community Hospital. | ) | Case No. 19-01230-5-JNC |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY # 3, LLC, | ) | |
| d/b/a Horton Community Hospital. | ) | Case No. 19-01180-5-JNC |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 7, LLC, | ) | |
| d/b/a Prague Community Hospital. | ) | Case No. 19-01298-5-JNC |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 12, LLC, | ) | |
| d/b/a Fairfax Community Hospital. | ) | Case No. 19-01697-5-JNC |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 16, LLC, | ) | |
| d/b/a Haskell County Community Hospital. | ) | Case No. 19-01227-5-JNC |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**LIMITED OBJECTION TO CONFIRMATION OF SECOND AMENDED
CHAPTER 11 PLANS OF ORDERLY LIQUIDATION**

NOW COME Paul Nusbaum and Steve White ("Nusbaum/White"), and file this limited objection to the proposed Second Amended Chapter 11 Plans of Orderly Liquidation filed in each of the above-captioned cases [Dkt. No. 448 in Case No. 19-01230; Dkt. No. 505 in Case No. 19-01180; Dkt. No. 732 in Case No. 19-01298; Dkt. No. 691 in Case No. 19-01697; Dkt. No. 643 in Case No. 19-01227] (collectively, the "Proposed Plans"), filed by Thomas W. Waldrep, Jr., the chapter 11 trustee in the above-captioned cases (the "Trustee"). In support of their limited objection, Nusbaum/White state as follows:

1. Nusbaum/White, the Trustee, Complete Business Solutions Group, Inc. ("CBSG"), by and through its court-appointed receiver, and Cohesive Healthcare Management & Consulting LLC ("Cohesive") have entered into a comprehensive settlement involving each of the above-captioned bankruptcy cases. This Court has approved this settlement. *See, e.g.,* Dkt. No. 778, Case No. 19-01298. The settlement agreement and order approving the settlement are referred to herein as the "Settlement Agreement."

2. Upon information and belief, the Proposed Plans are intended to incorporate all provisions of the Settlement Agreement. Indeed, the definitional sections of the Proposed Plans state that "[t]o the extent there is any inconsistency between this Plan and the Settlement Agreement, the Settlement Agreement controls."

3. There are certain provisions of the Proposed Plans that could be construed as inconsistent or conflicting with the terms of the Settlement Agreement, including the following:

   a. Section IV.A(1)(d) of the Proposed Plans provides that "any cost reports receivables for the year 2019" shall be available for payment of certain administrative expenses. However, under the Settlement Agreement, this is true only for cost report receivables that are "to be billed, collected and turned over to the Trustee by the purchaser of assets in each Case." In other words, it does not apply to the cost report receivables that accrued on or before October 1, 2019, and for which the Trustee has already submitted cost reports. Section IV.A(1)(d) of the Proposed Plans should not be construed as applying to cost report receivables that accrued prior to October 1, 2019.

   b. Each of the Proposed Plans, with respect to the Class 2 Gemino Note Secured Claim, contains the following sentence: "The payment of this Allowed Secured Claim shall be allocated among the Debtor and the Debtor Affiliates pro rata based upon the proceeds received from the Sale by the Debtor and the Debtor Affiliates." This provision is an artifact of the plan treatment previously negotiated between the Trustee and Nusbaum/White, and is no longer applicable in light of the Settlement Agreement.

    c. Certain provisions of the Proposed Plans could be construed as providing that the N/W Subordinated Distribution and the CBSG Note Share – as those capitalized terms are defined in the Settlement Agreement – should be paid to Nusbaum/White and then remitted by Nusbaum/White to CBSG and Cohesive. However, the Settlement Agreement contemplates direct payments by the Trustee for these items.

    d. The treatment of the Class 2 Gemino Note Secured Claim set forth in each of the Proposed Plans is a general summary of the terms of the Settlement Agreement.  These summaries are accurate, but should not be construed as over-riding the more detailed treatment set forth in the Settlement Agreement.

4. Upon information and belief, the Trustee does not dispute any of the foregoing clarifications.

5. Nusbaum/White support confirmation of the Proposed Plans so long as the orders confirming the Proposed Plans contain language along the following lines:

> To the extent there is any inconsistency between the Plan and the Settlement Agreement, the terms of the Settlement Agreement shall control.  Without limiting the breadth of the foregoing, (i) Section IV.A(1)(d) of the Plan shall not be construed as applying to cost report receivables attributable to any time period prior to October 1, 2019, which shall be distributed pursuant to the terms of the Settlement Agreement, (ii) the following sentence regarding the Class 2 Gemino Note Secured Claim is no longer applicable in light of the Settlement Agreement, and

is hereby deleted: "The payment of this Allowed Secured Claim shall be allocated among the Debtor and the Debtor Affiliates pro rata based upon the proceeds received from the Sale by the Debtor and the Debtor Affiliates," and (iii) the N/W Subordinated Distribution and CBSG Note Share (as such capitalized terms are defined in the Settlement Agreement) shall be distributed directly by the Trustee to Cohesive and CBSG respectively.

WHEREFORE, Nusbaum/White respectfully request that this Court enter an order:

1. Confirming the Proposed Plans subject to the language set forth above, and providing that to the extent there is any inconsistency between the Plan and the Settlement Agreement, the terms of the Settlement Agreement shall control; and

2. Granting such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this the 11th day of November 2020.

    NORTHEN BLUE, LLP

    /s/ John Paul H. Cournoyer
    John Paul H. Cournoyer, NCSB #42224
    1414 Raleigh Road, Suite 435
    Chapel Hill, NC  27517
    Telephone No. (919) 968-4441
    Email: jpc@nbfirm.com

    *Counsel for Nusbaum/White*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY #2, LLC, | ) | |
| d/b/a Oswego Community Hospital. | ) | Case No. 19-01230-5-JNC |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY # 3, LLC, | ) | |
| d/b/a Horton Community Hospital. | ) | Case No. 19-01180-5-JNC |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 7, LLC, | ) | |
| d/b/a Prague Community Hospital. | ) | Case No. 19-01298-5-JNC |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 12, LLC, | ) | |
| d/b/a Fairfax Community Hospital. | ) | Case No. 19-01697-5-JNC |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 16, LLC, | ) | |
| d/b/a Haskell County Community Hospital. | ) | Case No. 19-01227-5-JNC |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by automatic ECF notice upon the following on this date:

| | |
|---|---|
| Marjorie K. Lynch<br>Brian Behr<br>Kirstin E. Gardner<br>*U.S. Bankruptcy Administrator* | Rayford K. Adams, III<br>*Counsel for the Debtors* |
| Thomas W. Waldrep, Jr.<br>James C. Lanik<br>Jennifer B. Lyday<br>*Trustee and Counsel for the Trustee* | Jason L. Hendren<br>Rebecca F. Redwine<br>Benjamin E.F.B. Waller<br>*Counsel for the Trustee* |
| Thomas E. Austin, Jr.<br>*Counsel for Cigna Health and Life Ins Co* | Dan Nelson<br>*Counsel for Premier Specialty Network LLC* |
| William Walt Pettit<br>*Counsel for Complete Business Solutions Group, Inc.* | Melanie Johnson Raubach<br>*Counsel for Atchison Hospital Association* |
| John M. Sperati<br>*Counsel for Somerset Capital Group, Ltd. and Somerset Leasing Corp., XXII* | Brian R. Anderson<br>*Special Counsel for Suzanne Koenig, Health Care Ombudsman* |
| Paul A. Fanning<br>Ross A. Plourde<br>*Counsel for Cohesive Healthcare Management and Consulting, LLC* | David J. Haidt<br>*Counsel for Cohesive Healthcare Management and Consulting* |
| Nancy A. Peterman<br>*Counsel for Suzanne Koenig, Health Care Ombudsman* | Sam G. Bratton, II<br>J. Patrick Mensching<br>*Counsel for CAH Acquisition 12, LLC* |
| William P. Janvier<br>Erin K. Duffy<br>*Counsel for Boa Vida Foundation; Oswego Neuropsych Hospital, Inc.; Haskell Regional Hospital, Inc.* | Ciara L. Rogers<br>*Counsel for Sherwood Partners, Inc.* |
| Micah E. Marcus<br>*Counsel for Trustee* | Lara S. Martin<br>*Counsel for Beckman Coulter, Inc.* |
| Michael J. Quinn<br>Lauren A. Golden<br>*Counsel for Dept of Health and Human Services* | Ethridge B. Ricks<br>*Counsel for Rural Wellness Fairfax, Inc.* |
| Hugh M. Robert<br>William C. Smith, Jr.<br>*Counsel for Transcendental Union with Love and Spirit* | Kristina Marie Wesch<br>*Counsel for First Physicians Capital Group* |
| Eric Winston<br>*Counsel for Rural Wellness Fairfax, Inc.* | Brian H. Smith<br>*Counsel for Complete Business Solutions Group, Inc.* |

This the 11th day of November 2020.

            NORTHEN BLUE, LLP

            /s/ John Paul H. Cournoyer
            John Paul H. Cournoyer, NCSB #42224
            1414 Raleigh Road, Suite 435
            Chapel Hill, NC  27517
            Telephone No. (919) 968-4441
            Email: jpc@nbfirm.com

            *Counsel for Nusbaum/White*