UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| CAH ACQUISITION COMPANY 7, LLC, d/b/a PRAGUE COMMUNITY HOSPITAL | 19-01298-5-JNC |
| DEBTOR | CHAPTER 11 |

BANKRUPTCY ADMINISTRATOR'S RESPONSE TO SECOND AMENDED DISCLOSURE STATEMENT AND SECOND AMENDED PLAN OF REORGANIZATION

**NOW COMES** the Bankruptcy Administrator for the Eastern District of North Carolina ("BA"), and respectfully files this response to the Trustee's Second Amended Disclosure Statement and Second Amended Plan of Reorganization ("Plan") filed on September 18, 2020, and, in support thereof, shows unto the Court the following:

1. On March 21, 2019, the Debtor filed the above-captioned case under Chapter 11 of the United States Bankruptcy Code. The Debtor operated as a critical access hospital in Oklahoma. The Trustee was appointed as the Chapter 11 trustee on March 29, 2019. The Trustee has proposed plans that are largely identical in structure and purpose in the following related cases: CAH Acquisition Company #3, LLC, d/b/a Horton Community Hospital case number 19-01180-5-JNC; CAH Acquisition Company #2, LLC, d/b/a Oswego Community Hospital case number 19-01230-5-JNC; CAH Acquisition Company #16, LLC, d/b/a Haskell County Community Hospital case number 19-01227-5-JNC; and CAH Acquisition Company #12, d/b/a Fairfax Community Hospital case number 19-01697-5-JNC . The Plan proposes to liquidate all assets and distribute them in accord with the terms of a mediated settlement agreement, that has yet to be approved by the Court and other provisions in the Plan.  The mediated settlement agreement dictates how certain creditors

will be paid and the proposed distribution scheme. Of note, the proposed distribution scheme does not appear to follow the Bankruptcy Code priorities as identified in 11 U.S.C. § 507.

    2. <u>Legal Standard of Plan Confirmation</u>:  "In order for a plan of reorganization to be confirmable, the plan must satisfy the thirteen requirements set forth in Section 1129…The proponent of the plan bears the burden of proof as to introduction and persuasion that each of these requirements has been satisfied." *In re Radco Props.*, Inc., 402 B.R. 666, 671 (Bankr. E.D.N.C. 2009).  Furthermore, "the Court…has an independent obligation to review the Plan to make sure that it satisfies the standards for plan confirmation in section 1129." *In re Ion Media Networks, Inc.*, 419 B.R. 585, 598 (Bankr. S.D.N.Y. 2009); see also 11 U.S.C. § 1129(a) ("The court shall confirm a plan only if all of the following requirements are met: (1)…(16)…").

    3. Disclosure Statement: "When providing creditors with information in connection with a disclosure statement, more is better. A disclosure statement should provide the average unsecured creditor, "what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." <u>In re RADCO Props., Inc</u>., 402 B.R. 666, 683 (Bankr. E.D.N.C. 2009). The Debtor's Second Amended Disclosure Statement does not comply with the requirements of 11 U.S.C. § 1125. Most notably the Trustee's Second Amended Disclosure does not include a liquidation analysis. Given that the mediated settlement agreement provides for different disbursements among creditors, a liquidation analysis is vital to determine whether the Trustee has met the requirements of 11 U.S.C. § 1129(a)(7). At a minimum, the Trustee must provide a liquidation analysis at the Confirmation Hearing.

    4. Liquidation Analysis: Section 1129(a)(7) requires that the plan must either be accepted by impaired creditors or provide creditors with at least what they would receive in a Chapter 7 liquidation. As stated above, the Trustee's compliance with 11 U.S.C. 1129(a)(7) cannot be determined given the inconsistent payments provided in the mediated settlement agreement and the omission of the liquidation analysis.

5. Classification of Other Secured Claims: The Trustee creates a class of "other secured claims" in each plan. There is no disclosure of the creditors that would be included in this class in the disclosure statements. The Trustee also classifies this class as unimpaired. More problematic, there are several optional treatments that would appear to constitute potential impairment of claims within this class. At a minimum, the creditors whose claims are being included in this class in each case should be provided notice that they are being put in this class and what, if anything, they are going to get when the Debtors' assets are liquidated.

6. Internal inconsistencies: The Trustee's Plan has multiple internal inconsistencies in designating, numbering, and describing classes within the Plan. Most importantly the Trustee inconsistently classes as impaired when they are in fact unimpaired, and vice versa. The Trustee must address which classes are impaired or unimpaired at the Confirmation Hearing.

7. Miscellaneous Provisions: The Trustee's Plan does not indicate whether the Trustee will provide the BA with Post Confirmation Reports. To the extent the Trustee does not intend to provide the BA with Post Confirmation Reports, the BA objects to confirmation. Furthermore, the Trustee indicates in Section I: Use of Existing Accounts, that "the Litigation Trustee may use the Debtor's existing bank accounts for the purpose set forth herein." The Trustee needs to clarify whether the existing bank accounts refer to the Trustee's estate bank accounts or if this section refers to a pre-petition Debtor bank account that has not been closed.

8. Quarterly Fees, Monthly Reports: The Trustee is current on the quarterly fee payments and monthly reports.

9. The Bankruptcy Administrator reserves the right to further amend this response prior to the hearing.

**WHEREFORE** the Bankruptcy Administrator respectfully requests that confirmation of Trustee's Plan be denied until the Debtors address the matters raised herein; and that the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 12th day of November 2020.

                         Marjorie K. Lynch
                         Bankruptcy Administrator

                         /s/ Marjorie K. Lynch
                         Marjorie K. Lynch
                         Bankruptcy Administrator
                         434 Fayetteville Street, Suite 640
                         Raleigh, North Carolina 27601
                         (919) 334-3885
                         Marjorie_lynch@nceba.uscourts.gov
                         State Bar No. 13594

# **CERTIFICATE OF SERVICE**

I, Tanya L. Aycock, of 434 Fayetteville Street, Suite 640, North Carolina, 27601, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age.

That on this day, I served copies of the foregoing document electronically upon the following:

Thomas W. Waldrep, Jr.          *served via: CM/ECF*
Waldrep LLP

Jason L. Hendren                *served via: CM/ECF*
Hendren, Redwine & Malone, PLLC

I certify under penalty of perjury that the foregoing is true and correct.

Dated this 12th day of November 2020.

                                          Marjorie K. Lynch
                                          Bankruptcy Administrator

                                          By: /s/Tanya L. Aycock
                                          Tanya L. Aycock
                                          Bankruptcy Analyst
                                          Bankruptcy Administrator's Office
                                          434 Fayetteville Street, Suite 640
                                          Raleigh, NC 27601